| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Thomas Dale Godbold, Jr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Melanie Blaisdell Godbold** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA** | | | |
| Case number: | **23-11384** | | |
| (If known) | | | |

■ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

1.3    8.1    3.1
2.1    3.3    4.3
5.1    2.3

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ■ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ■ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8. | ■ Included | ☐ Not Included |
| § 1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ☐ Included | ■ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

| Debtor | **Thomas Dale Godbold, Jr.** | Case number | **23-11384** |
|---|---|---|---|
| | **Melanie Blaisdell Godbold** | | |

*Check one:*   ☐ 36 months   ■ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$1,594.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

■ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| Beginning on *(insert date)*: | The Regular Payment amount will change to *(insert amount)*: | For the following reason *(insert reason for change)*: |
|---|---|---|
| April 3, 2024 | $2,211.00 per month | increased for Conf |
| | | |

§ 2.2   **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

■ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

§ 2.3   **Income tax refunds.**

*Check one.*

■ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee. within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____ __, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

§ 2.4   **Additional Payments.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

§ 2.5   **[Intentionally omitted.]**

§ 2.6   **Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

| Debtor | **Thomas Dale Godbold, Jr.**<br>**Melanie Blaisdell Godbold** | Case number | **23-11384** |
|---|---|---|---|

**Part 3:   Treatment of Secured Claims**

§ 3.1   **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
■ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Flagstar Bank/Lakeview | 85 Camp Ln Carrollton, GA 30117<br>Carroll County | $562.64 | 0.00% | $93.77 |

§ 3.2   **Request for valuation of security and modification of certain undersecured claims.**

■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

§ 3.3   **Secured claims to be paid in full.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
■ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment.*

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

| Debtor | **Thomas Dale Godbold, Jr.** | Case number | **23-11384** |
|---|---|---|---|
| | **Melanie Blaisdell Godbold** | | |

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Freedom Road Financial | 2022 Trimph Triple 765 RS 5200 miles | | $7,886.95 | 8.00% | $200.00 | $466.44 |

### § 3.4    Lien avoidance.

*Check one.*

■    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### § 3.5    Surrender of collateral.

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
■    The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| Bluegreen Vacation Club | Timeshare |

### § 3.6    Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **8.00** %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Part 4:    Treatment of Fees and Priority Claims

### § 4.1    General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

| Debtor | Thomas Dale Godbold, Jr. | Case number | 23-11384 |
|---|---|---|---|
| | Melanie Blaisdell Godbold | | |

**§ 4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3    Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ **4,500.00**  . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ **1,000.00**  per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ **2,500.00**  , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ **2,500.00**  , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4    Priority claims other than attorney's fees.**

■    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### Part 5:    Treatment of Nonpriority Unsecured Claims

**§ 5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) ____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

■ 100% of the total amount of these claims.

| Debtor | Thomas Dale Godbold, Jr. |  | Case number | 23-11384 |
|---|---|---|---|---|
|  | Melanie Blaisdell Godbold |  |  |  |

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

■   **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3   Other separately classified nonpriority unsecured claims.**

*Check one.*

■   **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6:   Executory Contracts and Unexpired Leases

**§ 6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

■   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7:   Vesting of Property of the Estate

**§ 7.1   Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

## Part 8:   Nonstandard Plan Provisions

**§ 8.1   Check "None" or List Nonstandard Plan Provisions.**

☐   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)*

**The debt owed to US Department of Education is in deferment and not to be funded by the Chapter 13 Trustee. It will be paid after the completion of the Chapter 13 Plan.**

**Any bonus income the Debtors are entitled to receive for the applicable commitment period shall be paid into the Debtor's Chapter 13 case.**

## Part 9:   Signatures:

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

| X | /s/ Thomas Dale Godbold, Jr. |  | X | /s/ Melanie Blaisdell Godbold |  |
|---|---|---|---|---|---|
|  | Thomas Dale Godbold, Jr. |  |  | Melanie Blaisdell Godbold |  |
|  | Signature of debtor 1 executed on | **March 19, 2024** |  | Signature of debtor 2 executed on | **March 19, 2024** |

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4                    Page 6 of 7

| Debtor | Thomas Dale Godbold, Jr.<br>Melanie Blaisdell Godbold | | Case number | 23-11384 |

| 85 Camp Ln | | 85 Camp Ln | |
| Carrollton, GA 30117 | | Carrollton, GA 30117 | |
| Address | City, State, ZIP code | Address | City, State, ZIP code |

X  /s/ John T. Dufour          Date: **March 19, 2024**
   **John T. Dufour**
   Signature of attorney for debtor(s)

| **John Dufour Attorney at Law** | | **605 Newnan Street** | |
| | | **Carrollton, GA 30117** | |
| Firm | | Address | City, State, ZIP code |

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| **In Re:** | * | **Case No. 23-11384-LRC** |
| **Thomas Dale Godbold Jr.** | * | |
| **Melanie Blaisdell Godbold** | * | |
| Debtor | * | **Chapter 13** |
| | * | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day electronically filed the foregoing <u>Amended Chapter 13 Plan</u> using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

    Melissa J. Davey    mail@13trusteeatlanta.com,
                                   cdbackup@13trusteeatlanta.com

    Lisa F. Caplan    lcaplan@rlselaw.com
                                   nbrown@rlselaw.com;
                                   akhosla@rlselaw.com;ruluecf@gmail.com;
                                   BKRL@ecf.courtdrive.com

I further certify that on this day I caused a copy of this document to be served via United States First Class Mail, with adequate postage on the following parties on the list attached hereto at the address shown for each.

This <u>19th</u> of <u>March</u> 2024.

                                                            /s/
                                                            John T. Dufour
                                                            Attorney for Debtor

605 Newnan Street
Carrollton, Georgia 30117
(770) 834-0295
Georgia State Bar No. 232140

```
Label Matrix for local noticing          Aidvantage                               Aidvantage on behalf of: The Dept of Educat
113E-3                                   P.O Box 300001                           Dept of Ed Loan Services
Case 23-11384-lrc                        Greenville, TX 75403-3001                PO BOX 300001
Northern District of Georgia                                                      Greenville, TX 75403-3001
Newnan
Tue Mar 19 09:25:40 EDT 2024

American Express                         American Express                         American Express
P.O Box 60189                            PO Box 96001                             PO Box 981535
City of Industry, CA 91716-0189          Los Angeles, CA 90096-8000               El Paso, TX 79998-1535


American Express National Bank           (p)BLUEGREEN CORPORATION                 Capital One
c/o Becket and Lee LLP                   MORTGAGE DEPT ATTN BANKRUPTCY            PO Box 30285
PO Box 3001                              4960 CONFERENCE WAY NORTH SUITE 100      Salt Lake City, UT 84130-0285
Malvern  PA 19355-0701                   BOCA RATON FL 33431-4413


Capital One N.A.                         Lisa F. Caplan                           Melissa J. Davey
1515 N Santa Fe Ave                      Rubin Lublin, LLC                        Standing Chapter 13 Trustee
Oklahoma City, OK 73118-7901             Suite 100                                Suite 2250
                                         3145 Avalon Ridge Place                  233 Peachtree Street NE
                                         Peachtree Corners, GA 30071-1570         Atlanta, GA 30303-1509


Discover                                 Discover Bank                            John T. Dufour
PO Box 71242                             Discover Products Inc                    John Dufour Attorney at Law
Charlotte, NC 28272-1242                 PO Box 3025                              605 Newnan Street
                                         New Albany, OH  43054-3025               Carrollton, GA 30117-3428


Flagstar Bank                            Freedom Road Financial                   Melanie Blaisdell Godbold
PO 660263                                PO Box 4597                              85 Camp Ln
Dallas, TX 75266-0263                    Oak Brook, IL 60522-4597                 Carrollton, GA 30117-8835


Thomas Dale Godbold Jr.                  LAKEVIEW LOAN SERVICING, LLC             Sofi Bank, N.A. Peronal Loan
85 Camp Ln                               C/O Flagstar Bank, N.A.                  PO Box 654158
Carrollton, GA 30117-8835                f/k/a Flagstar Bank, FSB                 Dallas, TX 75265-4158
                                         5151 Corporate Drive
                                         Troy, MI 48098-2639


Sofi Funding Pl Xix Llc                  USAA Credit Card Payments                Wells Fargo Bank
Resurgent Capital Services               10750 McDermott FWY                      Po Box 71118
PO Box 10587                             San Antonio, TX 78288-1600               Charlotte, NC 28272-1118
Greenville, SC 29603-0587


Wells Fargo Bank, N.A.
PO Box 10438, MAC F8235-02F
Des Moines, IA  50306-0438
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bluegreen Vacation Club
Bluegreen Resorts Management
PO Box 630980
Cincinnati, OH 45263

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

u)Flagstar Bank, N.A.

End of Label Matrix
Mailable recipients    24
Bypassed recipients     1
Total                  25